IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| BETTY JO MEDLER | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| KILOLO KIJAKAZI, | * | No. 4:22-cv-00891-LPR-JJV |
| Acting Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Lee P. Rudofsky.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

**RECOMMENDED DISPOSITION**

This case comes before the Court by way of previous unopposed remand on motion of the Commissioner.  (Tr. 570.)  Betty Jo Medler, Plaintiff, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for a period of disability and disability insurance benefits.  The Administrative Law Judge (ALJ) concluded she had not been under a disability within the meaning of the Social Security Act, because she could perform her past relevant work as a school secretary, despite her impairments.  (Tr. 468-480.)

This review function is extremely limited.  A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error.  *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint should be DISMISSED.

Plaintiff just had her sixty-fourth birthday.  (Tr. 61.)  She is a high school graduate and has past relevant work as a school secretary.  (Tr. 61, 480.)

The ALJ[1] found Ms. Medler had not engaged in substantial gainful activity since May 31,

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

2017, the alleged onset date. (Tr. 470.) She has "severe" impairments in the form of "osteoarthritis; status post (s/p) total hip arthroplasty; degenerative disc disease (DDD); fibromyalgia and obesity." (Tr. 471.) The ALJ further found Ms. Medler did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 472-474.)

The ALJ determined Ms. Medler had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (Tr. 474.) The ALJ utilized the services of a vocational expert (VE) to determine what jobs, if any, Plaintiff could perform given her RFC. (Tr. 548-551.) Based in part on the testimony of the vocational expert, the ALJ determined she could perform her past relevant work as a school secretary. (Tr. 480.) Accordingly, the ALJ determined Ms. Medler was not disabled. (*Id.*)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-6.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

Plaintiff makes two narrow and technical arguments in support of her Complaint: 1) The ALJ failed to cite medical evidence that supports his RFC finding that Plaintiff's need for a sit and/or stand option can be accommodated by alternating between sitting and standing on hourly intervals; and 2) The VE's testimony contradicts the ALJ's finding that Plaintiff had past relevant work experience as a school secretary as defined in the Dictionary of Occupational Titles. (Doc. No. 16 at 12-22.)

Plaintiff's first argument centers around the functional capacity evaluation completed by Stuart Jones, DPT. Mr. Jones completed a very thorough examination of Ms. Medler. (Tr. 386-

---

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

3

393.)  Before addressing Plaintiff's argument, it is important that Mr. Jones concluded, "Overall, Ms. Medler demonstrated the ability to perform work in the SEDENTARY classification of work as defined by the US Dept. of Labor's guidelines over the course of a normal workday with the limitations as noted above."  (Tr. 393.)  So according to Mr. Jones, Ms. Medler is *not disabled*.

But Plaintiff focuses on Mr. Jones's caveat "with the limitations as noted above."  She says, the ALJ's inclusion of a sitting and standing option "on hourly intervals" fails to address Mr. Jones's assessment that Plaintiff "'will require numerous changes in postural position throughout a workday' (Tr. 392), and that she could sit 30 minutes and stand 20 minutes before having to change position[.]  (Tr. 387.)"  (Doc. No. 14 at 13.)

In addressing Mr. Jones' functional capacity evaluation, the ALJ stated:

> Thus, a week later, she went for a functional capacity evaluation to determine her functional status (8F/8). She sat through the 19-minute interview with no pain behaviors; however, she frequently adjusted positions and went from sit to stand in a slow and guarded fashion (8F/12). She was observed leaving the testing facility with a slow gait pattern with a limp in the right lower extremity (8F/23). After the evaluation, Stuart Jones, DPT, opined that the claimant demonstrated the ability to perform sedentary work with occasional postural limitations and frequent changes in postural position throughout a workday (8F/9-10). Further, in a check box, DPT Jones opined the claimant could perform sedentary work, stand and/or walk and sit for 4 hours each in an 8-hour workday and sit for 30 minutes, stand for 20 minutes and walk for 10 minutes before changing positions. The claimant would have to lie down during the work shift and would require postural, manipulative and environmental limitations. She would be absent form work about once a month (8F/6). Here, DPT Jones relied on the functional capacity evaluation as support for the opinion (8F/5). The undersigned finds this opinion is somewhat persuasive to the extent that the claimant could perform sedentary work; however, the remainder of the opinion is not persuasive. As noted above, although the claimant had a decreased spinal motion a week before the evaluation, her overall examination was unremarkable and she had a normal gait and presented for treatment in no acute distress (12F/10-11). Further, prior treatment notes showed occasional decreased motion in the upper and lower spine and right knee tenderness; however, her gait was normal and overall musculoskeletal examination was normal with a normal gait, no joint instability, negative McMurray test, no crepitus and no abnormalities in the lower leg, ankle and foot and normal muscle tone (3F/11; 12F/4-11; 15-16, 23, 26). Subsequent treatment notes also show improvement in right knee and right hip pain after surgery (2F/16; 19F/1). In addition, subsequent exams show a normal

> gait, intact sensation and full muscle strength (14F/2; 19F/1, 3). Additionally, she is able to engage in robust activities of daily living. For instance, she is able to attend church, prepare meals for her family, engage in self-care, drive short distances and undertake domestic tasks and social activities without difficulty (19E/1, 4-5; 6F/2, 5). The claimant generally presents for treatment in no acute distress (4F/3; 12F/10) and record does not show any weakness in the extremities or frequent postural changes during the relevant period as noted by DPT Jones. Thus, although the need to change positions appears based on the claimant's subjective complaints, the undersigned nonetheless incorporates a sit and/or stand option into the residual functional capacity out of an abundance of caution. Thus, the opinion is somewhat persuasive.

(Tr. 476-477.)

I find the ALJ thoroughly considered Mr. Jones's evaluation. And the ALJ's RFC assessment is supported by substantial evidence. The ALJ concluded that Plaintiff could perform sedentary work "except [she] can occasionally stoop, kneel, crouch[,]crawl[, ]climb ramps and stairs but can never climb ladders, ropes or scaffolds. [She is further] limited to frequent but not constant grasping and handling with the right upper extremity [and] would need the ability to alternate between sitting and/or standing on hourly intervals but remain at the workstation." (Tr. 474.) The ALJ fairly rejected the need for frequent postural changes but incorporated a sit/stand option "out of an abundance of caution." (Tr. 477.)

I also agree with the Commissioner that that ALJ was not required to obtain more evidence regarding these frequent postural changes. (Doc. No. 16 at 7.) So, I simply find no reversible error here.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically

5

acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The evidence in this case fails to support an allegation of complete disability.

I also find no error regarding ALJ's conclusion Ms. Medler could perform her past relevant work. Plaintiff argues that her past work of school secretary – as she describes it – should be considered a "composite job." (Doc. No. 14 at 20.) I disagree. The Commissioner's response on this point his highly persuasive and I fully agree with this position. (Doc. No. 16 at 9.) The Commissioner says, *inter alia*, ". . . the DOT's description of a school secretary's duties align with Plaintiff's statements about her responsibilities of answering phones, writing letters and addressing envelopes, filing, faxing, and making copies, though she also handled the mail in addition to these responsibilities (Tr. 238). See DOT 201.362-022, 1991 WL 671670." (*Id.*) The Commissioner is correct. Accordingly, I find that ALJ's conclusion that - "Although the DOT does not address the sit and/or stand limitation, the undersigned relied on the expertise and experience of the vocational expert to find the claimant could perform her past work" (Tr. 480) - is supported by substantial evidence.

In summary, there is ample evidence to support the Commissioner's decision. I recognize there is also evidence to support Ms. Medler's claims. Yet the overall evidence supports the ALJ's conclusion that she could perform her past relevant work and not disabled.

Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has zealously advocated for Ms. Medler here.  But it is not the task of a court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, RECOMMENDED that the final decision of the Commissioner be affirmed, and Plaintiff's Complaint be dismissed with prejudice.

DATED this 9th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE